| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>Court Address: 1437 Bannock Street<br>Denver, CO 80202<br>Phone: (720) 865-8301 | DATE FILED: August 10, 2020 4:44 PM<br>FILING ID: AA0B09A2AC662<br>CASE NUMBER: 2020CV31723 |
| STEVE RUIZ, on behalf of himself and all others similarly situated;<br>ADAM MOREHEAD, on behalf of himself and all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>THE COLORADO DEPARTMENT OF CORRECTIONS;<br>DAVID JOHNSON, in his official capacity;<br>DEAN WILLIAMS, in his official capacity,<br><br>　　Defendants. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiffs:*<br><br>Bill S. Finger, #7224<br>Casey J. Leier, #45155<br>FINGER LAW PC<br>29025-D Upper Bear Creek Road<br>Evergreen, Colorado 80439<br>Telephone:　(303) 674-6955<br>Email:　　　bill@fingerlawpc.com<br>　　　　　　casey@fingerlawpc.com<br><br>Paul F. Lewis, #14183<br>Michael D. Kuhn, #42784<br>Andrew E. Swan, #46665<br>LEWIS \| KUHN \| SWAN PC<br>620 North Tejon Street, Suite 101<br>Colorado Springs, Colorado 80903<br>Telephone:　(719) 694-3000<br>Email:　　　plewis@lks.law<br>　　　　　　mkuhn@lks.law<br>　　　　　　aswan@lks.law | Case Number:<br><br>Div.: |
| **FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** | |

Plaintiffs Steve Ruiz and Adam Morehead, by and through counsel, Finger Law PC and Lewis Kuhn Swan PC, on behalf of themselves and all others similarly situated, submit their First Amended Collective Action Complaint and Jury Demand ("First Amended Complaint") as follows:

## INTRODUCTION

1. This action is brought on behalf of all community parole officers, community parole officer team leads, and individuals holding comparable positions with different titles (collectively "Parole Officers" or, when used in the singular, "Parole Officer") employed by the Colorado Department of Corrections within the last three years, plus any period of tolling.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiffs Steve Ruiz ("Mr. Ruiz") and Adam Morehead ("Mr. Morehead") allege that Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Parole Officers overtime compensation for all hours worked over forty (40) in any single workweek. Specifically, Mr. Ruiz and Mr. Morehead allege that Defendants failed to properly compensate Parole Officers for time during which they were on call in the course and scope of their employment.

## PARTIES

3. Mr. Ruiz is an adult individual who is domiciled and resides in Denver, Colorado.

4. Mr. Ruiz has been, and remains, employed by Defendants in the Westminster, Colorado office as a Parole Officer.

5. Mr. Morehead is an adult individual who is domiciled and resides in Dacono, Colorado.

6. Mr. Morehead has been, and remains, employed by Defendants in the Westminster, Colorado office as a Parole Officer.

7. The Colorado Department of Corrections (the "DOC") is the State of Colorado's department operating the State's prisons and, through the DOC's Adult Parole Division, supervising community-based inmates and parolees. The DOC operates numerous Adult Parole Division offices throughout the State of Colorado.

8. David Johnson ("Mr. Johnson") is the DOC's Director of Adult Parole and oversees the DOC's Adult Parole Division. As Director of Adult Parole of the DOC, Mr. Johnson oversees the pay practices and staffing decisions of Parole Officers. Mr. Johnson is sued herein in his official capacity.

9. Dean Williams ("Mr. Williams") is the DOC's Executive Director. As Executive Director of the DOC, Mr. Williams ultimately oversees the pay practices and staffing decisions of

2

the DOC. Mr. Williams is sued herein in his official capacity.

10.    Mr. Johnson, Mr. Williams, and the DOC are referred to collectively as "Defendants" unless otherwise specified.

## JURISDICTION AND VENUE

11.    This Court has personal jurisdiction over Defendants because, among other things, Defendants are, or operate on behalf of, components of the government of the State of Colorado and, as to Mr. Johnson and Mr. Williams, because they are domiciled, reside, and work in Colorado.

12.    Venue is proper in this judicial district pursuant to Colo. R. Civ. P. 98 because the acts and omissions alleged in this First Amended Complaint occurred, in part, in the City and County of Denver. The DOC's Adult Parole Division is headquartered in the City and County of Denver.

## COLLECTIVE ACTION ALLEGATIONS

13.    Mr. Ruiz and Mr. Morehead seek to prosecute their FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendants as Parole Officers at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and were not paid overtime for all hours worked in excess of forty (40) in a workweek ("Collective").

14.    Mr. Ruiz and Mr. Morehead will fairly and adequately protect the interests of the members of the Collective and have retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Neither Mr. Ruiz nor Mr. Morehead have any interest contrary to or in conflict with the members of the Collective.

15.    The members of the Collective are similarly situated because, among other things, they were all victims of the same DOC-wide policies and procedures that failed to pay them all the wages, and at the correct overtime rate, to which they are entitled under the FLSA.

## STATEMENT OF FACTS

16.    Mr. Ruiz has been employed by Defendants as a Parole Officer from on or about May 18, 1987 through the present.

17.    Mr. Morehead has been employed by Defendants as a Parole Officer (and currently has the title Community Parole Officer-Team Lead) from on or about November 1, 1997 through the present. Mr. Morehead was named Team Lead Community Parole Officer on or about November 1, 2007.

3

18. Mr. Ruiz's job duties involve overseeing the compliance of certain community-based inmates and parolees with employment and drug and alcohol requirements. Mr. Ruiz completes his job duties both from the DOC parole office in Westminster, Colorado and via home visits and other remote communications with parolees.

19. Mr. Morehead's job duties involve overseeing the compliance of certain community-based inmates and parolees with employment and drug and alcohol requirements. Mr. Morehead spends approximately one-half of his work time performing these job duties. Mr. Morehead spends approximately one-half of his work time performing his "team lead" job duties. Mr. Morehead's team lead job duties do not involve the power to hire or fire, to impose discipline, or to set work schedules. Mr. Morehead completes his job duties both from the DOC parole office in Westminster, Colorado and via home visits and other remote communications with parolees.

20. Defendants compensated, and continue to compensate, Parole Officers on a salary basis though (properly) classify Parole Officers as non-exempt from applicable wage and hour laws. When Parole Officers work fewer than forty (40) hours in a workweek, their pay is docked or they are required to use paid time off.

21. While employed by Defendants, Mr. Ruiz and Mr. Morehead routinely worked, and continue to work, more than forty (40) hours per workweek. Specifically, in addition to the typical forty (40) hours per workweek, Mr. Ruiz and Mr. Morehead are frequently required to be on call from the end of a regular shift (*i.e.*, 5:00 p.m.) through the beginning of the next shift (*i.e.*, 8:00 a.m. the following day). During this on-call time, Mr. Ruiz and Mr. Morehead must promptly respond to frequent calls, many of which require travel to meet with parolees under their supervision. For example, during the week of June 1 through June 7, 2018, Mr. Ruiz worked more than eighty (80) hours when including the time he spent on call. On June 3, 2018, Mr. Ruiz received six (6) calls while on call and, of the six (6) calls, was obligated to physically travel to meet with parolees on five (5) occasions that shift alone. During the week of June 15 through June 21, 2018, Mr. Morehead worked more than ninety (90) hours when including the time he spent on call. On June 16, 2018, Mr. Morehead received six (6) calls while on call and, of the six (6) calls, was obligated to physically travel to meet with parolees on four (4) occasions that shift alone.

22. While working on call, Mr. Ruiz and Mr. Morehead must be promptly available to confer with parolees and geographically proximate to parolees' residences for purposes of in-person checks. These requirements prohibit Mr. Ruiz and Mr. Morehead from using the on-call time for their own purposes. They are not free to engage in personal activities such as going to the movies, going out for dinner, and consuming alcohol. While on call, Mr. Ruiz and Mr. Morehead must be able to respond within minutes.

23. During their on-call work, Mr. Ruiz's and Mr. Morehead's time is controlled by Defendants, and they are not completely and specifically relieved from all duty. Such on-call time is an essential part of their jobs and requires the expenditure of significant physical and/or mental energy. Mr. Ruiz and Mr. Morehead are contacted at least once, and often far more, during virtually all on-call shifts.

4

24. While on call, Mr. Ruiz and Mr. Morehead are issued State-issued vehicles and State-issued firearms.

25. On-call time is not completely optional. To the contrary, the DOC acknowledges that the position of Parole Officer "requires periodic on-call or call backs after hours on a 24/7 basis[.]" *See* Job Bulletin dated December 23, 2019, attached as Exhibit 1. Indeed, the DOC even has activity codes for this on-call time (*i.e.*, 8807 for "After hours field work IN" and 8814 for "After hours field work OUT").

26. Defendants' policies ("Administrative Regulations" or "ARs") specify that Parole Officers are required to take overtime on-call shifts when there are not enough volunteers for such shifts.

27. The DOC maintains a minimal staffing level of Parole Officers which has created, and continues to create, an ongoing need for Parole Officers to take overtime shifts.

28. Defendants, however, failed to pay Mr. Ruiz and Mr. Morehead for their work over forty (40) hours per workweek, much less at the proper overtime rate, in violation of the FLSA.

29. Because Parole Officers typically work forty (40) hours per workweek *not including any on-call time*, any such on-call time requires compensation at the applicable overtime rate.

30. Upon information and belief, Parole Officers routinely worked, and continue to work, over forty (40) hours in multiple workweeks. Defendants have failed to pay for this time in violation of the FLSA.

31. Defendants have in place inadequate timekeeping methods for tracking and recording the time their Parole Officers spend on call. Specifically, Defendants do not adequately track Parole Officers' on-call work.

32. Defendants' violations of the FLSA are willful. Defendants know that Parole Officers work after hours so frequently as to (1) specify that such work is an essential, required job duty; and (2) assign specific activity codes to such on-call work. Additionally, Defendants are well aware of their legal obligation to pay overtime compensation because, among other things, Defendants have been sued on multiple occasions for not paying overtime to DOC employees and because the United States Department of Labor has repeatedly found Defendants to be liable for violations of applicable overtime requirements.

## CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION
### *(Against All Defendants)*

33. Mr. Ruiz and Mr. Morehead incorporate by reference all preceding paragraphs of this First Amended Complaint.

34. At all relevant times, Defendants have been, and continue to be, employers within the meaning of the FLSA.

35. At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

36. Pursuant to Section 3(s)(1)(C), the FLSA covers all public agency employees of state governments and their political departments/divisions. Pursuant to 29 C.F.R. § 541.3(b)(1), the FLSA applies to "parole or probation officers[.]"

37. Mr. Ruiz and Mr. Morehead consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b). A copy of Mr. Ruiz's written consent is attached as Exhibit 2. A copy of Mr. Morehead's written consent is attached as Exhibit 3.

38. At all relevant times, Defendants had a policy and practice of failing to pay Parole Officers overtime compensation for all hours worked in excess of forty (40) hours per workweek, specifically by failing to compensate Parole Officers for on-call time they were required to work. Such time is compensable under the FLSA.

39. As a result of Defendants' willful failure to properly compensate their employees, including Mr. Ruiz, Mr. Morehead, and the Collective Action members, Defendants have violated and, continue to violate, the FLSA.

40. Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

42. Due to Defendants' FLSA violations, Mr. Ruiz and Mr. Morehead, on behalf of themselves and the Collective, are entitled to recover from Defendants unpaid overtime compensation, actual and liquidated damages, FICA, FUTA, PERA payments, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Mr. Ruiz and Mr. Morehead, on behalf of themselves and all other members of the Collective, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of an FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), tolling of the statute of limitations, and appointing Mr. Ruiz, Mr. Morehead, and his counsel to represent the Collective;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of overtime compensation due under the FLSA;

d. An award of liquidated and/or statutory penalties as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of damages representing FICA, FUTA, PERA payments, state unemployment insurance, and any other required employment taxes;

f. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Mr. Ruiz and Mr. Morehead hereby demand a jury trial.

Respectfully submitted this 10th day of August, 2020.

        LEWIS | KUHN | SWAN PC
        *(Original on file at the offices of Lewis Kuhn Swan PC)*

        <u>*/s/ Andrew E. Swan*</u>
        Paul F. Lewis
        Michael D. Kuhn
        Andrew E. Swan
        620 North Tejon Street, Suite 101
        Colorado Springs, CO 80903
        Telephone:   (719) 694-3000
        Facsimile:    (866) 515-8628
        Email:        plewis@lks.law
                        mkuhn@lks.law
                        aswan@lks.law

        Bill S. Finger
        Casey J. Leier
        FINGER LAW PC
        29025-D Upper Bear Creek Road
        Evergreen, CO 80439
        Telephone:   (303) 674-6955
        Facsimile:    (303) 674-6684
        Email:        bill@fingerlawpc.com
                        casey@fingerlawpc.com

        *Attorneys for Plaintiffs*

<u>Plaintiffs' Address</u>:
c/o Finger Law PC and Lewis Kuhn Swan PC,
contact information *supra*[1]

---

[1] Given Mr. Ruiz's and Mr. Morehead's positions, the public nature of this document, and Defendants' preexisting access to such information, Mr. Ruiz's and Mr. Morehead's home addresses are not provided herein.