IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02643-RM-SKC

STEVE RUIZ, on behalf of himself and all others similarly situated;
ADAM MOREHEAD, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

## DECLARATION OF ANDREW E. SWAN

I, Andrew E. Swan, hereby declare that the following information is true and correct to my personal knowledge:

1. I am an attorney licensed to practice law by the Supreme Courts of Alaska, Colorado, and Washington. I am also admitted to practice in the United States District Courts for the Districts of Alaska, Colorado, Eastern District of Missouri, Northern District of Illinois, and Western District of Washington, as well as the United States Courts of Appeals for the Ninth and Tenth Circuits. I, along with Michael D. Kuhn, Paul F. Lewis, Casey J. Leier, and William S. Finger, represent named plaintiffs Steve Ruiz and Adam Morehead and the proposed collective in this matter.

2. After earning a juris doctor at the University of Denver Sturm College of Law in 2010, I continued my legal education at George Washington University Law

School and Georgetown University Law Center where I focused on constitutional law, employment law, and advocacy.

3.  After the conclusion of my legal education, I completed a judicial clerkship in Washington and then accepted a position at a boutique litigation firm in Alaska where I practiced civil litigation with an emphasis on cases under federal employment statutes.

4.  In January 2013, I became of counsel and eventually named shareholder at the firm now known as Leventhal Lewis Kuhn Taylor Swan PC where I continue to devote a significant percentage of my practice to employment litigation.

5.  My co-counsel and I have significant experience litigating wage and hour claims, including cases brought as collective and class actions. A sampling of the wage and hour cases our firm has handled include the following: *Shaw v. Interthinx, Inc.*, 13-cv-01229 (D. Colo.) ($6 million settlement on behalf of auditors and underwriters); *Castillo v. Noodles & Co.*, 16-cv-3036 (N.D. Ill.) ($3 million settlement on behalf of assistant managers); *Oldenburg v. California Casualty Management Company*, 2016-cv-01152 (D. Colo.) ($2 million settlement on behalf of sales representatives); *Sager v. Interthinx, Inc.*, BC570330 (Los Angeles Superior Court) ($1.50 million settlement on behalf of auditors and underwriters); and *Nygaard v. HomeAdvisor, Inc.*, 2017CV32000 (El Paso County Dist. Court) ($2.35 million settlement on behalf of sales representatives).

6. My co-counsel and I negotiated the proposed $5 million settlement before the Court. Prior to agreeing to the settlement, we interviewed numerous witnesses and reviewed thousands of pages of documents, including DOC's pay and timekeeping records; employment rosters; data about the nature of after-hours electronic monitoring alerts forwarded to on-call parole officers for response; and DOC policies with respect to compensation. With this information, we created a comprehensive damages model and participated in a full-day mediation with experienced wage and hour mediator Adrienne Fechter of Fechter Mediation & Arbitration Services, LLC.

7. I believe the settlement represents an excellent outcome on behalf of the collective. We are satisfied that the terms of this Settlement are fair, reasonable, adequate, equitable, and that the settlement is in the best interest of the collective. We respectfully recommend that the Court approve the settlement.

8. Based on the pre-mediation damages model discussed above, the $5 million proposed settlement represents approximately 94.45% of the two-year unliquidated damages for the entire collective.

9. This is an excellent outcome in light of the risks of proceeding with litigation. We believe there were two primary risks in this case. First, this was a "waiting time" case in which the parties disputed whether the employees were "waiting to be engaged" or "engaged to wait." If, as the Department of Corrections argued, the finder of fact determined the employees were "waiting to be engaged," the

time at issue would not be compensable and the collective would receive nothing. The parties strongly disputed this issue, and there was case law supporting both sides. Thus, serious questions of law and fact existed in this case.

10. Second, my co-counsel and I believe that we would have successfully obtained first-stage certification of the collective given the lenient standard in the Tenth Circuit. But there was a substantial risk that the collective would have been decertified given that the employees at issue worked at numerous field offices.

11. In light of these risks, $5 million is an excellent settlement. My co-counsel and I respectfully recommend the Court approve the settlement.

Pursuant to 28 U.S.C. § 1746, I declare that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.

Dated: April 8, 2022.

*/s/ Andrew E. Swan*
Andrew E. Swan